**Riccardo GREEN, Plaintiff—Appellant,**

v.

**SHORELINE COMMUNITY COLLEGE, Defendant— Appellee.**

**No. 07–35003.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 24, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Riccardo Green, Seattle, WA, pro se.

Catherine Hendricks, Esq., Office of the Washington Attorney General, Aaron Vincent Rocke, Esq., Carney Badley Spellman, PS, Seattle, WA, for Defendant–Appellee.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Riccardo Green appeals pro se from the district court's summary judgment for Shoreline Community College, his former employer, in his Title VII action alleging hostile work environment, race discrimination, and retaliation. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Manatt v. Bank of Am.*, 339 F.3d 792, 796 (9th Cir.2003), and we affirm.

The district court properly granted summary judgment on Green's hostile work environment claim because the alleged conduct was neither severe nor pervasive enough to alter the conditions of Green's employment. *See id.* at 799 (affirming summary judgment for employer on Title VII claim of racial hostile work environment); *Brooks v. City of San Mateo*, 229 F.3d 917, 923 (9th Cir.2000) ("In order to prevail on her hostile work environment claim, [a plaintiff] must show that her workplace was permeated with discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions of her employment") (brackets, ellipses, and quotation marks omitted).

** This disposition is not appropriate for publi-

The district court properly granted summary judgment on Green's retaliation and disparate treatment claims because even if Green established a prima facie case, he failed to raise a triable issue as to whether the College's nondiscriminatory reasons for discontinuing his tai chi classes were pretextual. *See Aragon v. Republic Silver State Disposal, Inc.*, 292 F.3d 654, 664 (9th Cir.2002) (concluding that a plaintiff had not "presented the substantial and specific evidence required to demonstrate that [his employer's] reasons for [his] lay off were a pretext for racial discrimination").

Green's remaining contentions are unpersuasive.

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

